KIMBALL INDEPENDENT CONSOLIDATED SCHOOL DISTRICT NO. 2, Respondent, v. WILLOW LAKE SCHOOL DISTRICT, Appellant.

(209 N. W. 650.)

(File No. 5979.   Opinion filed July 6, 1926.)

Courts—Jurisdiction—County Court of County With Population of Less Than 10,000 Has No Jurisdiction in Civil Actions Involving $1,000 or Less, Though by Former Method of Computing Population Court Had Jurisdiction; Statutory Rule That Jurisdiction Once Acquired Shall Not Thereafter Be Affected Applies Only to Particular Cases, and Not to Class of Cases (Rev. Code 1919, § 2119, and section 5818, as amended by Laws 1919, c. 148).

County court of county whose population, according to last federal census, was less than 10,000 within Rev. Code 1919, § 5818, as amended by Laws 1919, c. 148, held not to have jurisdiction under section 2119 in civil actions involving $1,000 or less, even though population according to former method of computation had been sufficient to give court jurisdiction, and notwithstanding provision of latter statute that jurisdiction once acquired shall not thereafter be affected; such provision referring only to particular cases.

Note.—See, Headnote, A m e r i c a n    Key-Numbered    Digest, Courts, Key-Nos. 26, 168, 15 C. J. Secs. 48, 135.

Appeal from Brule County Court; Hon. B. C. Huddle, Judge.

Action by the Kimball Independent Consolidated School District No. 2 against the Willow Lake School District. From a judgment for plaintiff and an order denying a motion for new trial, defendant appeals. Reversed.

*Lauritz Miller* and *Fred D. Shandorf,* both of Mitchell, for Appellant.

*Heck & Thorson,* of Kimball, for Respondent.

POLLEY. J. This is an appeal from the county court of Brule county. The appellant, by its answer, and also by proper assignment, questions the jurisdiction of said court to try and determine the case. Section 2119, R. C. 1919, provides that in counties having a population of 10,000 or more the county court shall have jurisdiction in civil actions involving $1,000 or less, and further provides that the population shall be determined in the manner provided for determining the population as a basis for fixing the salaries of county officers. Section 5818, Code 1919, as amended by chapter 148, L. 1919, provides that the population of counties as a basis of salaries of county officers shall be determined by the last state or federal census. At the trial appellant proved that, according to the federal census of 1920, which was the last census, state or federal, prior to the commencement of this action, the population of Brule county was only 7,141.

But it is claimed by respondent that by the method of computation formerly in use the population of Brule county was sufficient to give the county court jurisdiction of this action, and that, under the provision of section 2119, Code 1919, that "juris-

diction once having been acquired as herein provided, shall not thereafter be affected by any question of population," such general jurisdiction so acquired must continue. But such is not the meaning of this statute. Under the provision of section 5818, as amended by chapter 148, L. 1919, the population is determined by the last state or federal census. as of the 1st day of January after the publication thereof (chapter 342, Laws 1921), and the portion of section 2119 above quoted has reference to jurisdiction of particular cases, and not to the general jurisdiction of the court. If the jurisdiction of the court had been invoked as to a particular case, and the population should decrease to less than 10,000, while such action was pending, the change in population would not affect the jurisdiction of that particular case.

The county court of Brule county did not have jurisdiction of this action, and the same should have been dismissed.

The judgment and order appealed from are reversed.

DILLON, J., not sitting.